■ GLORIA PONCE, Respondent, v EDEN MOYSE et al., Appellants. [981 NYS2d 583]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Nelson, J.), entered April 26, 2011, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, without costs or disbursements.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment. Balkin, J.P., Lott, Roman and Miller, JJ., concur.